UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 07-265-HRW

SHARON MANNS,                                            PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and social security income. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges disability beginning on March 1, 2005, due to a combination of impairments. Her applications were denied initially and on reconsideration. On December 20, 2006, an administrative video hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"),

during which Plaintiff testified. At the hearing, Sally Moore, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 16, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-31).

2

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffered from low back pain with history secondary to facet arthritis, decreased hearing, dysthymic disorder, major depressive disorder and panic disorder with post-traumatic stress disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 23-25).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listings 1.00, 1.02, 1.03, 1.04, 1.06, 2.08 and 12.00 (Tr. 24-27).

The ALJ further found that Plaintiff could not return to her past relevant work as a waitress (Tr. 30) but determined that she has the residual functional capacity ("RFC") to perform limited medium, as well as light and sedentary, work with certain limitation as set forth in the decision (Tr. 27-28).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

3

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 21, 2007 (Tr. 7-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contention on Appeal

Plaintiff challenges the ALJ's findings as to her mental capacity. She maintains that when the VE was given a hypothetical which incorporated the mental impairments suggested by her treating physician, as well as her own testimony in this regard, the VE testified that such limitations would preclude competitive work. Thus, Plaintiff maintains that the ALJ should have relied upon this testimony and found Plaintiff to be disabled.

The hypothetical at issue was the second, alternative questioned posed to the VE. It included limitations beyond those ultimately included in the ALJ's RFC. The VE was asked to assume:

> effectively no useful ability, poor markedly limited, no ability to deal with the general public, to work in proximity to or coordination with co-workers and peers, to respond appropriately in social situations or to react appropriately to instruction or criticism from supervisors.

5

(Tr. 307). Those limitations are not, as asserted by Plaintiff, supported by the findings of the treating sources of record. In other words, no treating source recommended such limitations. Indeed, the extreme limitations contained in the hypothetical were not suggested by **any** medical source, treating or otherwise. To the contrary, the medical evidence of record reflects only moderation limitations in mental functioning. For example, treatment notes from the Kentucky River Community Care Center state that Plaintiff has a functioning level of 50-60, moderate to serious limitations, in her mental capacity. This level of functioning does not preclude all work activity, particularly where there is no indication of escalating symptoms, additional limitations in function and a history of conservative treatment.

Moreover, in early February 2006, Plaintiff reported to the Kentucky River Community Care that she was "better" and her agoraphobia and anxiety had decreased. Further, the record shows that as of early 2006, Plaintiffs panic attacks had decreased.

There is no simply no evidence of psychiatric disability to the extent expressed in the subject hypothetical. Rather, the evidence is consistent with the ALJ's finding that:

6

> [Plaintiff] requires entry-level work with simple repetitive procedures; no frequent changes in work routines; and no requirement for detailed or complex problem solving, independent planning or setting of goals. She may only occasionally interact with the general public, coworkers or supervisors.

(Tr. 28).

Contrary to Plaintiff's assertion, the hypothetical at issue appears to be based wholly upon Plaintiff's own testimony. Thus, the issue before the Court is whether the ALJ properly assessed Plaintiff's credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found that Plaintiff's allegations concerning the nature, intensity, frequency, persistence and limiting effects of her mental symptoms to be in excess of the medical evidence of record, as well as her daily activities. As discussed above, the medical evidence establishes Plaintiff's mental capacity, while limited, is not severely limited. Any limitations are moderate.

7

As for Plaintiff's daily activities, the record reveals that Plaintiff engages in a wide range of activities, including housework, keeping horses, grocery shopping and driving (Tr. 26-27). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Finally, there is no evidence of deficiency in social functioning. The record establishes that Plaintiff is active in her church and visits friends and family (Tr. 27). Plaintiff's testimony that she "can't get along with people" is at odds with the ALJ's observation that a significant portion of Plaintiff's testimony was devoted to recounting the medical ailments of several family members, suggesting that Plaintiff is in close communication with them (Tr. 26-27).

Given the lack of correlation between Plaintiff's subjective complaints and the evidence, the Court finds that the ALJ did not err in assessing Plaintiff's credibility.

The Court notes that the ALJ did credit Plaintiff with a certain degree of limitation in mental functioning, as reflected in the RFC. However, the existence of mental limitation does not necessarily preclude work activity. As the VE testified, there are a wide variety of jobs which Plaintiff can perform. The extreme

8

limitations set forth in the alternative hypothetical to the VE are simply not supported by the objective, credible evidence of record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  24  day of June, 2008.

_____
Henry R. Wilhoit, Jr., Senior Judge

9